UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **DAGOBERTO SANCHEZ,** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-10931-FDS |
| **GARY RODEN,** | ) ) ) | |
| Respondent. | ) ) | |

### ORDER ON CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

On February 14, 2013, this Court issued an order dismissing the petition for a writ of habeas corpus.

To appeal the final order in a proceeding instituted under 28 U.S.C. § 2255, the petitioner must first obtain a Certificate of Appealability ("COA") from a circuit justice or a district court. *See* 28 U.S.C. § 2253(c). A COA will issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This standard is satisfied by "demonstrating that jurists of reason could disagree with the district court's resolution of [petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner presented two claims in his petition, contending that: (1) the prosecutor's use of peremptory challenges to remove young non-white men from the jury violated the Fourteenth

Amendment or (2) that the prosecution's use of peremptory challenges to remove three young black men from the jury violated the Fourteenth Amendment. Petitioner's contentions present colorable claims of a substantial showing of the denial of a constitutional right, and it further appears that a reasonable jurist could disagree with the Court's conclusions.

Accordingly, a certificate of appealability is GRANTED as to petitioner's claims that the exercise of peremptory challenges in this case violated the Equal Protection Clause of the Fourteenth Amendment.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: March 6, 2013